[Cite as *Peine v. Ohio Dept. of Transp.*, 2010-Ohio-2026.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

KELLIE C. PEINE

    Plaintiff

    v.

OHIO DEPT. OF TRANSPORTATION

    Defendant

    Case No. 2009-07806-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION


{¶ 1} Plaintiff, Kellie C. Peine, asserted her 2006 Volkswagen Jetta received windshield and body damage from roadway debris while she was traveling south "at the Rt 91 and Rt 271 split" in Lake County at approximately 6:55 a.m. on August 7, 2009. Plaintiff pointed out the roadway area where her damage occurred was located within a construction zone where the roadway surface had been milled in preparation for repaving. According to plaintiff, the debris that damaged her vehicle was left on the roadway surface after milling operations had been completed. Plaintiff described her particular damage incident relating that as she was driving on Interstate 271 "passing cars tires threw pebbles/stones that cracked my windshield and chipped the paint on my car." Plaintiff contended the contractor who conducted the milling operations, The Shelly Company (Shelly), had failed to properly sweep the roadway after the surface had been milled. Plaintiff implied the damage to her automobile was proximately caused by negligence on the part of defendant, Department of Transportation (ODOT), in failing to maintain the roadway construction area free of hazardous debris conditions. Consequently, plaintiff filed this complaint seeking to recover $1,130.19, the cost of

automotive repair needed resulting from the August 7, 2009 incident. The filing fee was paid.

{¶ 2} Defendant acknowledged that the area where plaintiff's described damage event occurred was located within the limits of a construction project under the control of ODOT contractor, Shelly. Defendant explained the particular project "dealt with resurfacing with asphalt concrete, pavement repair, guardrail installation, signing and other related work from Mayfield Hts on I-271 in Cuyahoga County to I-90 in Lake County." Defendant further explained that from plaintiff's description her damage incident occurred at state milepost 40.22 on Interstate 271, which is located at the northern part of the construction project in Lake County. Defendant asserted that Shelly, by contractual agreement, was responsible for any roadway damage occurrences or mishaps within the construction zone. Therefore, ODOT argued that Shelly is the proper party defendant in this action. Defendant implied all duties such as the duty to inspect, the duty to warn, the duty to maintain, and the duty to repair defects were delegated when an independent contractor takes control over a particular section of roadway. All work by the contractor was to be performed in accordance with ODOT mandated specifications and requirements and subject to ODOT approval.

{¶ 3} For plaintiff to prevail on a claim of negligence, she must prove, by a preponderance of the evidence, that defendant owed her a duty, that it breached that duty, and that the breach proximately caused her injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707. Plaintiff has the burden of proving, by a preponderance of the evidence, that she suffered a loss and that this loss was proximately caused by defendant's negligence. *Barnum v. Ohio State University* (1977), 76-0368-AD. However, "[i]t is the duty of a party on whom the burden of proof rests to produce evidence which furnishes a reasonable basis for sustaining his claim. If the evidence so produced furnishes only a basis for a choice among different possibilities as to any issue in the case, he fails to sustain such burden." Paragraph three of the syllabus in *Steven v. Indus. Comm.* (1945), 145 Ohio St. 198, 30 O.O. 415, 61 N.E. 2d 198, approved and followed.

{¶ 4} Defendant has the duty to maintain its highways in a reasonably safe condition for the motoring public. *Knickel v. Ohio Department of Transportation* (1976),

49 Ohio App. 2d 335, 3 O.O. 3d 413, 361 N.E. 2d 486. However, defendant is not an insurer of the safety of its highways. See *Kniskern v. Township of Somerford* (1996), 112 Ohio App. 3d 189, 678 N.E. 2d 273; *Rhodus v. Ohio Dept. of Transp.* (1990), 67 Ohio App. 3d 723, 588 N.E. 2d 864. The duty of ODOT to maintain the roadway in a safe drivable condition is not delegable to an independent contractor involved in roadway construction. ODOT may bear liability for the negligent acts of an independent contractor charged with roadway construction. *Cowell v. Ohio Department of Transportation*, Ct. of Cl. No. 2003-09343-AD, jud, 2004-Ohio-151. Despite defendant's contention that ODOT did not owe any duty in regard to the construction project, defendant was charged with duties to inspect the construction site and correct any known deficiencies in connection with particular construction work. See *Roadway Express, Inc. v. Ohio Dept. of Transp.* (June 28, 2001), Franklin App. 00AP-1119.

{¶ 5} Alternatively, defendant argued that neither ODOT nor Shelly had any knowledge regarding debris on the roadway prior to plaintiff's property damage event. ODOT records (copies submitted) report no calls or complaints were received at the ODOT Lake County Garage regarding debris conditions on Interstate 271 at or near milepost 40.22. Defendant noted the particular area of Interstate 271 "has an average daily traffic volume between 91,520 and 100,980, however, no other complaints were receive" regarding debris left on the roadway from milling operations. Defendant contended plaintiff failed to produce evidence establishing that her property damage was attributable to any conduct on either the part of ODOT or Shelly. ODOT records (copies submitted) show milling operations were conducted on Interstate 271 South from 7:00 p.m. on August 6, 2009 to 7:00 a.m. on August 7, 2009. Both ODOT and Shelly records (copies submitted) indicate the milled roadway surface was swept of debris by "2 power Brooms." The ODOT "Inspectors Daily Report" (copy submitted) does not bear any notation concerning any problem with debris left on the roadway by the milling process.

{¶ 6} Generally, in order to prove a breach of the duty to maintain the highways, plaintiff must prove, by a preponderance of the evidence, that defendant had actual or constructive notice of the precise condition or defect alleged to have caused the accident. *McClellan v. ODOT* (1986), 34 Ohio App. 3d 247, 517 N.E. 2d 1388. Defendant is only liable for roadway conditions of which it has notice but fails to

reasonably correct. *Bussard v. Dept. of Transp.* (1986), 31 Ohio Misc. 2d 1, 31 OBR 64, 507 N.E. 2d 1179. However, proof of notice of a dangerous condition is not necessary when defendant's own agents actively cause such condition. See *Bello v. City of Cleveland* (1922), 106 Ohio St. 94, 138 N.E. 526, at paragraph one of the syllabus; *Sexton v. Ohio Department of Transportation* (1996), 94-13861. Plaintiff, in the instant claim, has alleged that the damage to her vehicle was directly caused by construction activity of ODOT's contractor prior to August 7, 2009.

**{¶ 7}** In order to find liability for a damage claim occurring in a construction area, the court must look at the totality of the circumstances to determine whether ODOT acted in a manner to render the highway free from an unreasonable risk of harm for the traveling public. *Feichtner v. Ohio Dept. of Transp.* (1995), 114 Ohio App. 3d 346, 683 N.E. 2d 112. In fact, the duty to render the highway free from unreasonable risk of harm is the precise duty owed by ODOT to the traveling public both under normal traffic conditions and during highway construction projects. See e.g. *White v. Ohio Dept. of Transp.* (1990), 56 Ohio St. 3d 39, 42, 564 N.E. 2d 462.

**{¶ 8}** Defendant advised plaintiff's own description of the incident provides that her property damage was caused by unidentified third party motorists not affiliated with ODOT. Defendant related plaintiff made the statement in her complaint that "passing cars tires threw pebbles/stones that cracked my windshield and chipped the paint on my car." Defendant has denied liability based on the particular premise that it had no duty to control the conduct of a third person except in cases where a special relationship exists between defendant and either plaintiff or the person whose conducts needs to be controlled. *Federal Steel & Wire Corp. v. Ruhlin Const. Co.* (1989), 45 Ohio St. 3d 171, 543 N.E. 2d 769. However, defendant may still bear liability if it can be established if some act or omission on the part of ODOT was the proximate cause of plaintiff's injury. This court, as trier of fact, determines questions of proximate causation. *Shinaver v. Szymanski* (1984), 14 Ohio St. 3d 51, 14 OBR 446, 471 N.E. 2d 477.

**{¶ 9}** "If any injury is the natural and probable consequence of a negligent act and it is such as should have been foreseen in the light of all the attending circumstances, the injury is then the proximate result of the negligence. It is not necessary that the defendant should have anticipated the particular injury. It is sufficient that his act is likely to result in an injury to someone." *Cascone v. Herb Kay*

*Co.* (1983), 6 Ohio St. 3d 155, 160, 6 OBR 209, 451 N.E. 2d 815, quoting *Neff Lumber Co. v. First National Bank of St. Clairsville, Admr.* (1930), 122 Ohio St. 302, 309, 171 N.E. 327.

{¶ 10} Plaintiff has failed to establish her damage was proximately caused by any negligent act or omission on the part of ODOT. In fact, the sole cause of plaintiff's injury was the act of an unknown third party which did not involve ODOT. Plaintiff has failed to prove, by a preponderance of the evidence, that defendant failed to discharge a duty owed to plaintiff, or that plaintiff's injury was proximately caused by defendant's negligence. Plaintiff failed to show that the damage-causing object at the time of the damage incident was connected to any conduct under the control of defendant or any negligence on the part of defendant. *Herman v. Ohio Dept. of Transp.* (2006), 2006-05730-AD. Plaintiff has failed to prove her property damage was proximately caused by any negligent act or omission on the part of ODOT or its agents. See *Wachs v. Dept. of Transp., Dist. 12*, Ct. of Cl. No. 2005-09481-AD, 2006-Ohio-7162; *Nicastro v. Ohio Dept. of Transp.*, Ct. of Cl. No. 2007-09323-AD, 2008-Ohio-4190.

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us


KELLIE C. PEINE

    Plaintiff

    v.

OHIO DEPT. OF TRANSPORTATION

    Defendant

    Case No. 2009-07806-AD

Deputy Clerk Daniel R. Borchert


ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant.  Court costs are assessed against plaintiff.

_____
DANIEL R. BORCHERT
Deputy Clerk

Entry cc:

Kellie C. Peine                          Jolene M. Molitoris, Director
1142 Travis Drive                     Department of Transportation
Madison, Ohio  44057             1980 West Broad Street
                                               Columbus, Ohio  43223

RDK/laa
1/6
Filed 1/22/10
Sent to S.C. reporter 5/7/10